FILED

02/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0038

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0038

RICHARD GENE DAVIDSON,

Petitioner,

v.

WARDEN NOLAN,[1]

Respondent.

O R D E R

FILED

FEB 0 2 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Richard Gene Davidson petitions this Court for habeas corpus relief to invalidate a ten-year parole ineligibility restriction imposed by the Nineteenth Judicial District Court, Lincoln County. Davidson claims that this restriction "denies [him] treatment." He contends that the District Court relied on incorrect information when it imposed his sentence. Davidson explains that he moved for one correction in District Court and was granted relief. He provides a copy of an order in which the court amended its 2018 judgment by deleting the last reason for imposing the sentence: "11. As to your dangerousness, I find that you are a violent offender." Citing to several sentencing statutes, Davidson further contends that the sentencing court gave no reasons when it imposed this parole ineligibility restriction.

At the outset, Davidson's claims concerning incorrect information in his pre-sentence investigation report and other claims about what information the Judge used in sentencing would have been more appropriate in a direct appeal with this Court. Davidson did not appeal his conviction or sentence and is precluded from raising such issues in his Petition. Section 46-22-101(2), MCA. In 2018, Davidson applied for sentence review. The Sentence Review Division affirmed the sentence.

---

[1] According to the website for CoreCivic's Crossroads Correctional Center in Shelby, Montana, the Warden is Peter Bludworth.

The January 22, 2018 Judgment and Sentence reveals that the District Court sentenced Davidson for felony vehicular homicide while under the influence to the Montana State Prison for a thirty-year term with ten years suspended. The court specifically stated: "[Davidson] shall not be eligible for parole for the first 10 years, and until he has completed appropriate chemical dependency treatment."

Davidson refers to § 46-18-202, MCA, which requires the reason for parole ineligibility restriction in writing. "If the sentencing judge finds that the restriction is necessary for the protection of society, the judge shall impose the restriction and the judgment must contain a statement of the reasons for the restriction." Section 46-18-202(2), MCA (2015).

Contrary to Davidson's assertions, the court listed the reasons for the sentence. We point to three of these that are pertinent here:

5. I will at the same time consider your individual characteristics, circumstances, needs and potentialities. My reasons for the sentence about to be announced are as follows: (a) you took the life of a mother and injured two children while using methamphetamine while on release from another charge; (b) your actions were without regard to anyone else[']s rights; (c) you have been unwilling to address serious addiction, mental health and anti-social personality issues.

. . .

7. I think the prospects of rehabilitating you are good if you follow through on this judgment and complete a chemical dependency program, mental health and behavior modification.

. . .

10. The alternatives open to me other than prison are not appropriate given the particular facts of this case – driving while you were intoxicated, killing a woman and injuring her son as well as another child passenger. I am restricting your parole eligibility for ten (10) years.

Judgment and Sentence, at 10 (Mont. Nineteenth Judicial Dist. Ct. Jan. 22, 2018). The sentencing judge found that the restriction was necessary for the protection of society because of the circumstances of Davidson's offense. The court imposed the maximum

2

sentence, pursuant to § 45-5-106(3), MCA (2015), and § 46-18-222, MCA, does not apply. The court did not consider alternatives, pursuant to § 46-18-225, MCA (2015), as mentioned in the last reason as listed above.

Davidson has not demonstrated illegal incarceration because of this parole restriction. Sentencing judges possess the statutory authority to impose a parole restriction, and a district court is in the best position to hear the relevant facts to determine its reasons for such a restriction. *State v. Rosling*, 2008 MT 62, ¶¶ 64-66, 342 Mont. 1, 180 P.3d 1102; *State v. Garrymore*, 2006 MT 345, ¶¶ 32-34, 334 Mont. 1, 145 P.3d 946. We acknowledge that Davidson had been a member of the United States Armed Services, specifically the Green Berets, prior to this offense; he committed a serious crime, however, for which the District Court imposed a lawful sentence upon conviction. We conclude that Davidson is not entitled to be resentenced.

IT IS THEREFORE ORDERED that Davidson's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Richard Gene Davidson personally.

DATED this _2nd_ day of February, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3